Turley, J.
delivered the opinion of the court.
T. B. Coleman, on the 1st day of July, 1842, executed his promissory note for the sum of twelve hundred and fifty dollars, to L. C. Coleman or order, at six months. This note was endorsed by L. C. Coleman to James Johnson, and b3 Johnson to defendant in error, O. Ewing.
On the 4th day of January, 1843, it being the last day of grace upon said promissory note, the same was duly protested for non-payment, and notice thereof duly given to those entitled to receive it: immediately thereafter, and on the day of the protest, this suit was commenced against the plaintiffs in error, to which they have pleaded in abatement, that the suit was commenced before the money specified in the note was due. And the question now presented for consideration is, whether a suit can be commenced on the third day of grace upon commercial paper, which is on that day duly dishonored, and notice thereof given to the parties previous to the commencement of the suit.
That in cases of ordinary contracts, not negotiable, the payor has the last moment of the day, on which the contract falls due, to discharge the same, and that he cannot be sued before that moment has elapsed, is so well, and so strongly settled, that it *242 needs no examination from this court. And the reason why it has been so settled is obvious; the day has been fixed by contract, and till it has passed, the contract has not been violated, and of consequence no breach can be assigned upon it;
But this reason does not apply to the days of grace, which had their origin in the courtesy of merchants, for they were given, not by contract, but by courtesy, and by that courtesy the debt was always demandable on the third day of grace, and the evidence of it was dishonored if not paid on that day within reasonable business hours. When the debt then might be dishonored, if not paid on that day within reasonable business hours, and the liability of parties fixed by notice on that day, surely as soon as this is done, the right of action accrues, because the contract. has not been performed according to' its terms and stipulations, but is broken in all its particulars.
This question came up for consideration before the Supreme Court of Massachusetts in the case of Staples and another vs. The Franklin Bank, 1st Metcalf’s Rep. page 43, where it is examined with great care and ability by Chief Justice Shaw, and all the cases bearing upon the point reviewed. The result of his opinion, in his own words, is: “On the whole, we think the weight of authority is in favor of the conclusion to which we have come; and if it were a new question, it seems to follow, on legal principles, as a fair and legitimate conclusion from the established fact, that the contract of the acceptor or maker is broken by a néglect or refusal to pay on demand, within reasonable time, on the last day of grace, thatthe holder may have his action.”
We can add nothing to the argument and investigation there given to this question, and yield our ready and willing assent to the conclusion, as above stated.
The judgment of the Circuit Court is, therefore, affirmed.